# CRIMINAL COURT OF BALTIMORE CITY.

Filed April 29, 1926.

STATE OF MARYLAND
VS.
HARRY LEVINE, ALIAS BARRON LEOPOLD, JR.

*Assistant State's Attorney Herman M. Moser* for State of Maryland.
*Samuel S. Levin* for defendant.

O'DUNNE, J.—

The evidence in this case shows that the defendant was a clerk in a drug-store; that he was fired with an inordinate ambition to be a physician; that he sought to attain that status without the qualifications and without undergoing the long period of study and sacrifice necessary for that purpose. He placed upon his car the emblem and insignia of a physician. Not content with his own name, he pirated the name of a physician who had already attained eminence in his profession. He fraudulently so associated himself with the honored name of the Johns Hopkins Medical School as to convey the impression that he was in some vague way connected therewith. He visited patients, prescribed for their ailments and collected money therefor.

That he must have some inherent merit and be a man of some parts, is indicated by the special interest taken in him by the Big Brotherhood who have made an appeal for his parole. His counsel has earnestly pressed the application, and asked at least a nominal fine.

The considerations which impel me to adopt a different course are these:

No profession, I think, has been more zealous in the preservation of the integrity of its traditions in this community than the medical profession. No class of people deserve more protection against the imposter than the poor and the ignorant. This was the only class upon which a man of this character could long successfully impose. The danger to life is great where medicine is prescribed and administered, by the unskilled and the fraudulent. That no actual harm occurred, is but a fortuitous fact, rather than a mitigating circumstance.

It would be difficult to conceive of a more consummate attempt to impose upon the poor, ignorant and credulous, than the activity shown in the short lived career of this bogus physician, imposter in name as well as in fact.

I can not view the case of one of slight importance. The fact that the prescriptions given were about what the average skilled physician might prescribe, is little mitigation for the act.

The maximum penalty under Art. 43, Sec. 127, for practicing medicine without being a licensed physician, is $250. In view of the plea of guilty,

the penalty under that count of the indictment will be $200 fine. But for the plea it would be the maximum.

Art. 27, Sec. 65, prescribes imprisonment for writing false prescriptions by a person not authorized to practice medicine. There is no count in the indictment under that section. If there were, I would impose a substantial sentence of imprisonment. Under the present indictment the maximum sentence under the law is $250 fine. Because of the plea of guilty, the sentence is a $200 fine.